**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KELLEY RODERICK MCNULTY )<br>     Plaintiff, )<br> )<br>vs. )<br> )<br> )<br>AMERICAN COLLECTION SYSTEMS, INC., )<br>JOHN DOES, and JANE DOES )<br>     Defendants, )<br> ) | Civil Action No. |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.   INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Kelley McNulty, an individual consumer, against Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; against Defendant's violations of Massachusetts General Laws Chapter 93A et seq. (hereinafter "M.G.L. c.93A") which prohibits unfair and deceptive business practices; and also out of the invasions of Plaintiff's personal privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

### II.   JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1331 and 1337.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.  Because Defendant transacts business here, personal jurisdiction is established.

### III.   PARTIES

4. Plaintiff, <u>Kelley McNulty</u> (hereinafter "Kelley") is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in <u>Essex County</u>, in the state of <u>Massachusetts</u>.

5. Defendant, <u>American Collection Systems, Inc.</u> (hereinafter "ACS") is a collection agency and foreign corporation engaged in the business of collecting debt in this state with its principal place of business located in <u>Franklin County</u>, at <u>811 Greencrest Drive, Suite 100, Westerville, Ohio, 43081</u>.

6. Defendant <u>John Does 1-10</u> (hereinafter "Defendant John Does") are natural person(s) who were employed by Defendant as collection agents, whose identities are currently unknown to Plaintiff. Defendant John Does are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Defendant <u>Jane Does 1-10</u> (hereinafter "Defendant Jane Does") are natural person(s) who was employed by Defendant as collection agents, whose identities are currently unknown to Plaintiff. Defendant Jane Does are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8. Kelley is informed and believes, and thereon alleged, that Defendants use instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts. Defendants are engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

9. At all relevant times, Defendant ACS acted through it duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. FACTUAL ALLEGATIONS

10. Sometime before 2012, Plaintiff, Kelley McNulty, it is believed while under her maiden name Kelley Roderick, incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5), namely an alleged debt in regards to the lease of a vehicle.

11. Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Kelley.

12. The debt that Defendants are attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

13. Defendants then within one year prior to the filing of this complaint, began contacting Kelley and placing collection calls to Kelley; seeking and demanding payment for an alleged consumer debt owed under an account number.

14. Upon information and belief, Defendants were given knowledge in the Fall of 2011 that it was not allowed to call Kelley at her place of employment while she worked; as such calls both inconvenience Kelley and are prohibited by Kelley's employer.

15. Upon information and belief, Defendants continued to call Kelley at Kelley's workplace, having called again on December 15, 2011; January 4, 2012; and January 11, 2012 without Kelley's consent.

16. Defendants utilized unfair and unconscionable means to collect on Kelley's alleged debt, by calling her at work while having knowledge that such calls both inconvenience Kelley and are prohibited.

17. Upon information and belief, Defendants, during communication(s) with Kelley, did not state that Defendants were debt collectors, attempting to communicate a debt, and that any information would be used for that purpose.

## *SUMMARY*

18. All of the above-described collection communications made to Plaintiff Kelley Roderick McNulty by each individual Defendant and other collection employees employed by Defendant ACS were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

19. The above-detailed conduct by these Defendants of harassing Kelley in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, violations of M.G.L. c.93A, as well as an invasion of Kelley's privacy by an intrusion upon seclusion.

20. As a result of the acts alleged above, Defendants caused Kelley to become very upset because of the aggressive manner in which this debt was collected by these Defendants.

21. Kelley suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration,

humiliation, upset, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

22. Defendants repeated unlawful attempts to collect this alleged debt from Kelley, was an invasion of Kelley's privacy and her right to be left alone.

23. Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Kelley.

### *RESPONDEAT SUPERIOR LIABILITY*

24. The acts or omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant ACS who communicated with Kelley as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant ACS.

25. The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant ACS in collecting consumer debts.

26. By committing these acts and omissions against Kelley, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant ACS.

27. Defendant ACS is therefore liable to Kelley through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt by communicating with Kelley.

### V. *CAUSES OF ACTION*

### COUNT I

### *VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq.*

28. Plaintiff Kelley Roderick McNulty repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, and below, with respect to Kelley:

    (a) Defendants violated *§1692f* of the FDCPA by using unfair or

>   unconscionable means in connection with the collection of an alleged debt; and
>
>   (b) Defendants violated *§1692a(3)* by calling Kelley's place of employment with knowledge or the reason to know that the consumer's employer prohibits the consumer from receiving such communication, without the prior consent of Kelley given directly to Defendant or the express permission of a court of competent jurisdiction; and
>
>   (c) Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in the an oral communication(s) with Plaintiff that the communication(s) was from a debt collector, and that the debt collector was attempting to collect a debt, and that any information obtained would be used for that purpose, when said communication(s) was not a formal pleading.

30. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Kelley for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## *COUNT II*

### *VIOLATIONS OF THE MASSACHUSETTS CONSUMER PROTECTION ACT M.G.L. c.93A*

31. Plaintiff Kelley Roderick McNulty repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the M.G.L. c.93A, which considers unfair act or practice in violation of a federal law such as the FDCPA the same as a violation of the FDCPA, and thus prohibits unfair business practices, such as Defendants calling Kelley's place of employment after Kelley had already told it not to as it would inconvenience her.

33. Upon information and belief, Defendant ACS already had knowledge to know that its actions were in violation of the FDCPA prior to committing them, as they were sued before in April of 2010 in Civil Action No. 1:10-cv-02631, Tara Moore *v.* American Collection Systems, Inc., d/b/a American Consumer Solutions, in the United States District Court for the Northern District of Illinois, Eastern Division for the exact same unlawful actions of communicating with a consumer and not giving the proper disclosures required under the FDCPA.

34. Upon belief, Defendant ACS, prior to its dealings with Kelley, had knowledge that continuing to call a consumer at their workplace in an attempt to collect on an alleged debt, without the consumer's consent, while knowing that it would both inconvenience

the consumer and be prohibited and is not only a violation of the FDCPA, but also an invasion of a consumer's privacy.

35. As a result of the above, it is believed that Defendants have committed multiple willful and knowing violations of the FDCPA, as well as multiple willful and knowing invasions of privacy through its unlawful actions against Kelley.

36. As a result of the foregoing violations of the M.G.L. c.93A, Defendant is liable to the Plaintiff Kelley McNulty for trebled damages, attorney's fees, interests and costs, as a result of a willful and knowing violation of the FDCPA, as well as for failure to make a reasonable settlement offer within thirty days after Kelley initially sent a demand letter offering settlement.

## *COUNT III.*

## *INVASION OF PRIVACY BY INTRUSION UPON SECLUSION*

37. Plaintiff Kelley Roderick McNulty repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

39. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

40. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Kelley, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Kelley's privacy.

41. Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Kelley, namely, by repeatedly and unlawfully contacting her at her workplace without her consent after she already told Defendants that this was unacceptable, and thereby invaded Kelley's right to privacy.

42. Defendants and their agents intentionally and/or negligently caused emotional harm to Kelley by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Kelley's right to privacy.

43. Kelley had a reasonable expectation of privacy in Kelley's solitude, seclusion, private concerns and affairs.

44. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Kelley, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

45. Defendants' acts as described above were done intentionally with the purpose of coercing Kelley to pay the alleged debt.

46. As a result of such intrusions and invasions of privacy, Defendants are liable to Kelley for actual damages in an amount to be determined at trial from each and every Defendant.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Kelley Roderick McNulty respectfully requests that judgment be entered against each Defendant for the following:

A. Actual damages from each Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, and from each Defendant for intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff.

B. Statutory damages of $1000.00 from each Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Trebled damages from Defendant ACS pursuant to M.G.L.c.93A.

D. Costs and reasonable attorney fees from each Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

E. For such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated:  February 21, 2012 | RESPECTFULLY SUBMITTED,<br>By: /s/ Kevin Crick<br>Kevin Crick<br>BBO:  680950<br>Consumer Rights Law Firm, PLLC<br>2 Dundee Park, Suite 201<br>Andover, Massachusetts 01810<br>Phone: (978) 212-3300<br>Fax: (888) 712-4458<br>kevinc@consumerlawfirmcenter.com<br>**Attorney for Plaintiff** |

*DEMAND FOR JURY TRIAL*

Please take notice that plaintiff Kelley Roderick McNulty demands trial by jury in this action on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.